# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

In re:                              §
                                    §
DAVIS, SHARON MARIE                 §    Case No. 11-08115
                                    §
            Debtor(s)               §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on         . The undersigned trustee was appointed on            .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]              $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/ANDREW J. MAXWELL, TRUSTEE_____
                                               Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page: 1

Exhibit A

Case No: 11-08115  SPS  Judge: SUSAN PIERSON SONDERBY  
Case Name: DAVIS, SHARON MARIE  
Trustee Name: ANDREW J. MAXWELL, TRUSTEE  
Date Filed (f) or Converted (c): 02/28/11 (f)  
341(a) Meeting Date: 04/13/11  
For Period Ending: 06/14/12  
Claims Bar Date: 08/24/11

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Single Family Home- 538 North Lombard Oak Park, IL | 390,000.00 | 0.00 | | 0.00 | 0.00 |
| 2. Checking Account- Fifth Third Bank X1806 | 7,144.53 | 3,694.53 | | 0.00 | 3,694.53 |
| 3. Furniture and appliances | 1,500.00 | 1,500.00 | | 0.00 | 1,500.00 |
| 4. Clothing | 200.00 | 0.00 | | 0.00 | 0.00 |
| 5. 1 Diamond Ring, 1 Engagment Ring | 500.00 | 0.00 | | 0.00 | 0.00 |
| 6. Polish Roman Catholic Union Of America 984 Milwauk | 4,664.75 | 0.00 | | 0.00 | 0.00 |
| 7. CPS Pension | 87,524.00 | 0.00 | | 0.00 | 0.00 |
| 8. 403(b) Plan | 42,286.19 | 0.00 | | 0.00 | 0.00 |
| 9. 2010 expected refund $8,000 | 8,000.00 | 8,000.00 | | 3,555.05 | 4,444.95 |
| 10. 1997 Ford Escort, 130,388 miles | 2,000.00 | 2,000.00 | | 0.00 | 2,000.00 |
| 11. 1998 Ford Expedition, 204,019 miles | 4,000.00 | 1,600.00 | | 0.00 | 1,600.00 |
| 12. Computer | 50.00 | 0.00 | | 0.00 | 0.00 |
| TOTALS (Excluding Unknown Values) | $547,869.47 | $16,794.53 | | $3,555.05 | **Gross Value of Remaining Assets** $13,239.48 (Total Dollar Amount in Column 6) |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 06/30/12    Current Projected Date of Final Report (TFR): 06/30/12

LFORM1    UST Form 101-7-TFR (5/1/2011) *(Page: 3)*    Ver: 16.06b

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1
Exhibit B

| Case No: | 11-08115 -SPS | | Trustee Name: | ANDREW J. MAXWELL, TRUSTEE |
|---|---|---|---|---|
| Case Name: | DAVIS, SHARON MARIE | | Bank Name: | Bank of America, N.A. |
| | | | Account Number / CD #: | *******5363  Money Market - Interest Bearing |
| Taxpayer ID No: | *******8438 | | | |
| For Period Ending: | 06/14/12 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 06/11/12 | 9 | ANDREW J. MAXWELL<br>105 W. Adams<br>SUITE 3200<br>CHICAGO, ILLINOIS 60603 | RCPTS - LIQUID. OF PERSONAL PROP. | 1124-000 | 3,555.05 | | 3,555.05 |

```
                                               COLUMN TOTALS              3,555.05       0.00      3,555.05
                                    Less:  Bank Transfers/CD's                0.00       0.00
                                               Subtotal                   3,555.05       0.00
                                    Less:  Payments to Debtors                           0.00
                                               Net                        3,555.05       0.00
```

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| Money Market - Interest Bearing - ********5363 | 3,555.05 | 0.00 | 3,555.05 |
| | 3,555.05 | 0.00 | 3,555.05 |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals   3,555.05   0.00

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: June 14, 2012 |
|---|---|---|---|---|---|---|

Case Number:  11-08115                                       Claim Class Sequence
Debtor Name:  DAVIS, SHARON MARIE

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 000001<br>070<br>7100-00 | Citi<br>P.O. Box 6241<br>Sioux Falls, SD 57117 | Unsecured | | $10,627.00 | $0.00 | $10,627.00 |
| | Case Totals: | | | $10,627.00 | $0.00 | $10,627.00 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-08115
Case Name: DAVIS, SHARON MARIE
Trustee Name: ANDREW J. MAXWELL, TRUSTEE

Balance on hand     $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: ANDREW J. MAXWELL, TRUSTEE | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses     $_____

Remaining Balance     $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Citi | $ | $ | $ |

Total to be paid to timely general unsecured creditors        $_____

Remaining Balance                                              $_____

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE